[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15219
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00002-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANE DOE,
a.k.a. Erika Guerra,
a.k.a. Karina,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 3, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Jane Doe, whose real name remains unknown, pleaded guilty to one count of fraudulent use of a social security number. She appeals her 24-month sentence, contending that the district court improperly varied upward from her guidelines range of 10 to 16 months. She argues that her sentence is substantively unreasonable and that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591, (2007). "[A] district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). Even if we might have reasonably concluded that a different sentence was appropriate, that is not enough to justify reversal. Shaw, 560 F.3d at 1238.

At Doe's sentence hearing the district court stated that it had considered her sentencing memorandum, which argued that the court should take into account the

2

fact that Doe was the mother of four children, three of whom had special needs, and that she was expecting a fifth child. The court also stated that it had considered the guidelines range and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (holding that the district court need not discuss each factor individually and acknowledging that it has considered the § 3553(a) factors is enough).

The court emphasized the hardship suffered by the victim of Doe's crime, who had spent years trying to remedy the problems arising from Doe's use of her name, birthdate, and social security number. Rejecting Doe's story that when she was brought to the United States as a minor, her family directed her to use the name of her "half-sister," Ericka Guerra, the court remarked that Doe "continues to maintain that her true name is Ericka Guerra, and her date of birth is the same as the true Ericka Guerra." Taking into account the fact that Doe was pregnant, the court recommended confinement at a facility that would enable her to care for and bond with her infant. The district court did not abuse its discretion in imposing an above-the-guidelines sentence of 24 months imprisonment, which was less than half of the five-year statutory maximum for Doe's offense.

**AFFIRMED.**